958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Celia GUTIERREZ-LOPEZ, Defendant-Appellee.
 No. 91-50365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided March 4, 1992.
 
 1
 Before WALLACE, Chief Judge, JAMES R. BROWNING, Circuit Judge and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The United States appeals the district court's grant of defendant's motion to suppress evidence. The government claims the district court erred by finding Gutierrez-Lopez did not voluntarily consent to a search of her handbag at a border checkpoint. We have jurisdiction over this interlocutory appeal under 18 U.S.C. § 3731 and we affirm.
 
 
 4
 "Whether consent to search was voluntarily given is a question of fact and the district court's conclusion will not be reversed unless clearly erroneous." United States v. Lindsey, 877 F.2d 777, 783 (9th Cir.1989). "On appeal the evidence must be viewed in the light most favorable to the fact-finder's decision." United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988). The government bears the burden of showing consent to search was given freely and voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973); United States v. Licata, 761 F.2d 537, 544 (9th Cir.1985).
 
 
 5
 A border partrol agent at the San Clemente checkpoint noticed that Gutierrez-Lopez and another passenger in the rear seat of a vehicle would not make eye contact with him and appeared to be nervous. He suspected the two were "imposters" and referred the vehicle to the secondary inspection area where border patrol agents Williams and Reyna began an immigration inspection. Agent Reyna asked the driver and Gutierrez-Lopez to step from the car, and asked the driver if he could inspect the hatchback area, to which the driver consented. Agent Williams began reviewing Gutierrez-Lopez' immigration documents, and noticed she "was clutching a handbag very tightly." Becoming "alarmed," he "took the purse from her" and put it in the rear hatchback area of the vehicle. When he finished examining her identification and moved on to question another passenger, Gutierrez-Lopez recovered her bag and again "clutched it to her tightly." Both Agent Williams and Agent Reyna then took the bag from her again. Agent Williams asked her whether they could look inside her purse. Gutierrez-Lopez did not respond; after five to ten seconds the car's driver replied affirmatively. After another ten second pause, the agent again asked Gutierrez-Lopez if he could examine the contents of her bag. Again, she did not respond, but the driver and the other rear seat passenger answered "Si." Agent Williams asked Gutierrez-Lopez for her consent a third time. The others said nothing; Gutierrez-Lopez finally said "Si." Both agents testified Gutierrez-Lopez "looked scared" during the repeated requests for consent to search her purse.
 
 
 6
 We cannot hold the district court clearly erred when it found the government failed to meet its burden of showing Gutierrez-Lopez's consent to the search was given freely and voluntarily.[1] See Schneckloth, 412 U.S. at 222; Castillo, 866 F.2d at 1082.
 
 
 7
 AFFIRMED.
 
 WALLACE, Chief Judge, dissenting:
 
 8
 Because I believe the ruling of the district judge that Gutierrez-Lopez did not voluntarily consent to the search of her handbag was clearly erroneous, I respectfully dissent.
 
 
 9
 The district judge ruled that Gutierrez-Lopez's consent to search her handbag was involuntary based on the "totality of the circumstances." Although the judge did not further specify the factors supporting her decision, the record reflects only three possible bases of support: (1) that agent Williams twice removed Gutierrez-Lopez's purse from her possession; (2) that the agent asked three times whether he could search the handbag before receiving her consent; and (3) that she "looked scared" during these requests.
 
 
 10
 The first fact is not probative of the issue whether Gutierrez-Lopez voluntarily consented to a search of her handbag. The district judge accepted as true agent Williams's testimony that he twice took the handbag because he feared that it may have contained a concealed weapon. Thus, removal of the handbag was justified for reasons of safety, and was not related to its subsequent search. The district judge does not appear to have relied upon the removal of the handbag in her decision that Gutierrez-Lopez's consent to the search was involuntary.
 
 
 11
 The two remaining facts relied upon by the district judge are potentially probative of the voluntariness of Gutierrez-Lopez's consent. After each of the first two requests for consent to search the handbag, agent Williams received an affirmative response from either another passenger, or the driver of the vehicle, but not from Gutierrez-Lopez. It was therefore reasonable for him to request consent a third time from Gutierrez-Lopez herself before proceeding with the search. In addition, the record reveals that Gutierrez-Lopez displayed nervousness before the car was directed to secondary inspection, thereby undermining any argument that her nervousness resulted from intimidation or coercion at the time of the request.
 
 
 12
 The mere repetition of the request for consent coupled with Gutierrez-Lopez's nervousness do not form a sufficient basis for the district court's finding of a "technical violation" of the fourth amendment. See United States v. Iglesias, 881 F.2d 1519, 1522-23 (9th Cir.1989). Therefore, I would reverse the decision of the district court as clearly erroneous.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government appears to argue that the district court found that the actions of the border patrol agents were not intimidating, coercive, or deceptive. See Appellant's Brief at 10. The government is mistaken. The district court did find the border patrol agents' actions coercive, although not flagrantly so. See ER at 29, 35